*Law Offices of*
# SUSAN CHANA LASK

**244 Fifth Avenue, Suite 2369**
**New York, N.Y.  10001**

**(917) 300-1958**                                   **www.appellate-brief.com**

VIA ECF
March 4, 2026

Honorable Magistrate James M. Wicks
United States District Court-Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re:  Lask v Sorid et al #25-cv-05724 - Extension

Dear Magistrate Wicks:

Plaintiff respectfully requests a brief extension of the discovery scheduling for good cause as there are pending motions to dismiss and, importantly, Douglas Dollinger's injection into this case as counsel for Defendants Sorid is subject to disqualification. I intend to file a pre-motion letter by March 10, 2016 to Judge Brown detailing the reasons with demonstrable proof.  Thus, I respectfully request this court permit me until March 10, 2026 to file a motion for stay of discovery. Please note I could not file this letter sooner as I awaited a call from ethics counsel that was received today to discuss issues regarding the serious matter Douglas Dollinger appearing in this case, as detailed below.

In regards to a stay based on pending motions to dismiss, determining the first *Rivera* factor of the strength of a motion to dismiss is unwarranted, and instead a court can limit itself to considering the fact that a dispositive motion is pending that may shape the number and nature of claims going forward that would significantly impact the breadth of discovery. *Short,* supra.. Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)); *Short v. City of Rochester*, 747 F. Supp. 3d 594, 599 (W.D.N.Y. 2024). There are three defendants that either all of them may remain, two of them or one. Commencing discovery before the dispositive motions are decided could lead to unnecessary motions before the magistrate if potentially parties may not remain based on the dismissal motion decisions.

Next,Defendants' counsel, Douglas Dollinger, appears in bad faith and for harassment purposes and other reasons warranting his disqualification. He is the same attorney who interfered in *Lask v. Fallon,* previously before this court, where Mr. Fallon admitted that Dollinger contacted him to interfere with that case with misinformation, causing Mr. Fallon to file something that he later retracted. Mr. Fallon's disclosure confirmed Mr. Dollinger's pattern of contacting my adversaries and injecting himself into my matters for reasons unrelated to the merits.

Mr. Dollinger's conduct over some sixteen years is not ordinary adversarial lawyering. It is a sustained course of harassment and destabilization. He has repeatedly made extreme, false, and inflammatory accusations about me in federal filings, including asserting to multiple federal

1

judges that I will kill him, that I "stalk" him, and that he fears for his life. He accused several federal judges from New York to the entire California federal judiciary of conspiring with me against him. He represented that he reported me and federal judges to the United States Department of Justice for supposed crimes. Recently he threatened Southern District Judge Karas of conspiring with me against him. Judge Karas was outraged by Dollinger's threat, reminded Dollinger that the Ninth Circuit confirmed he committed frauds in federal court and later Judge Karas disqualified Dollinger.  Years before, Dollinger was disqualified in a federal case he filed against me, and that case was dismissed.  Before that, in about 2012, he extorted me for money that led to the New York District Attorney and police involvement.  Temporally, Dollinger sent an *ex parte* letter to Southern District Judge Barabra Jones that I will kill him "at sunset" and other false accusations, causing Judge Jones to warn me of Dollinger's repulsive letter. She held a hearing to *sua sponte* seal his delusional accusations. Years later, Dollinger sent another federal judge *ex parte* letters of 200 pages again claiming he feared for his life from me.

There is much more of Mr. Dollinger's dangerous conduct directed against me, and other litigants, lawyers and judges.  I will produce the documentary evidence of the police, District Attorney and transcripts of his threats to several judges while naming me too to include in a motion for his disqualification by next week. It will show Mr. Dollinger's dangerous ongoing pattern of false accusations, pursues improper filings, and persists after courts sanction him.

This case is a stark example of his pattern. It is objectively outrageous for an attorney to appear as counsel in a matter involving me while simultaneously telling multiple federal judges that he fears me, that I will kill him, and that I am engaged in conspiracies with federal judges. A reasonable lawyer who genuinely believed such accusations would not voluntarily place himself into my litigation. The only plausible inference is bad faith: that his purpose is to follow me into this case to harass me, inflame the record, and create procedural chaos.

That intent has already manifested in this case. Mr. Dollinger has sent me communications during this action that repeat bizarre and false premises previously rejected elsewhere, and he is using this docket as a vehicle to continue that campaign. His March 3, 2026 letter exemplifies the problem. He purports to "structure" Rule 26(f) by unilaterally dictating that he will "refuse" all conferral except by email, and he imposes his own framework and deadlines that are unrealistic. Exhibit A. That is not a good-faith meet and confer. It is an effort to control the process, weaponize written communications, and then claim noncooperation if I do not submit to his unilateral terms.

The practical consequence is that a genuine Rule 26(f) process cannot occur while Mr. Dollinger remains in the case. Conferral requires good-faith, reciprocal engagement. It is impossible to communicate meaningfully with counsel who has spent years telling courts that I will kill him and repeatedly advances delusional accusations against me and judges. It is also impossible because I have valid ethics and other complaints arising from his recent conduct, and I will be a witness against him in that context – a context he created then expects to appear here as counsel to harass me. I cannot speak to this person who accuses me of crimes, forces me to engage the authorities for protection from him, then he appears here to continue his harassment.

Further, and critically for disqualification purposes, Mr. Dollinger is not merely "counsel" in the abstract; I have information that he was involved with Defendant Harvey Sorid concerning the misconduct that forms part of the factual basis of this action. On that basis, Mr. Dollinger is a potential witness, and his appearance as counsel further taints the integrity of the proceedings.

Finally, Mr. Dollinger has compounded the disorder in this action by disregarding basic Court directed procedures and forms by substituting his own terms. The docket already reflects multiple compliance issues. Even in the Rule 26 context, he refuses to use this Court's discovery schedule form at DE 19-1. Instead, he manufactured a materially different form. See attached to Exh. A. That form invites further confusion by asking the parties to "agree" to a magistrate, which Defendant Dennis' counsel echoed that misdirection in a follow-up email yesterday as if the assignment of Judge Brown that Mr. Dollinger precipitated on February 13 could be undone. This is consistent with Dollinger's broader pattern of using litigation as a vehicle for disruption rather than orderly process.

For all of these reasons, Plaintiff respectfully requests that the Court either stay discovery and the Rule 26(f) scheduling process, or at minimum extend the deadline pending resolution of the motions to dismiss and pending Plaintiff's prompt motion to disqualify Mr. Dollinger. Proceeding with discovery scheduling now invites needless disputes, wastes judicial resources, and forces Plaintiff into an untenable position of having to "confer" with an attorney who has publicly and repeatedly falsely accused Plaintiff of intending to kill Dollinger and other horrendous false accusations yet has nevertheless chose to insert himself into this case. That is harassment, it is abusive, and it is incompatible with the orderly administration of discovery.

The above is not a complete recitation of Mr. Dollinger's conduct; it is sufficient to demonstrate why his continued participation makes ordinary discovery planning impossible and why a stay or brief adjournment is warranted so that the Court can address disqualification on a complete record with exhibits.

Very truly yours,
**LAW OFFICES OF SUSAN CHANA LASK**

/s/ Susan Chana Lask
**SUSAN CHANA LASK**

3