*Law Office of*
*Douglas R. Dollinger, P.C.*
*& Associates, Counselors at Law*

Telephone
845.741.9363

<u>Affiliated Offices</u>

San Francisco, California
New York City, New York

Admitted to Both
State and Federal Practice

570 County Route 49
<u>Middletown New York 10940</u>
ddollingeresq@gmail.com

March 5, 2026

United States District Court
Eastern District Of New York
Alfonse M. D'Amato United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Hon. James M. Wicks
United States Magistrate Judge

Re: <u>*Lask v. Sorid, et al.,*</u> No. 25-cv-5724(GRB) (E.D.N.Y.)
Case Management Request Concerning Personal Attacks in Court Filings

Your Honor:

I respectfully write in response to Plaintiff's recent letter submission of March 4, 2026, ECF Doc. 28, requesting an extension of time to pursue additional motion practice. While Defendants take no position at this time on the scheduling issue itself, the submission raises a separate concern regarding the nature of certain allegations included in Plaintiff's filing.

Plaintiff's letter contains numerous personal accusations directed at defense counsel that are unrelated to the merits of the claims in this case or to the Rule 26(f) scheduling process. These accusations involve false allegations about counsel's character and conduct outside this litigation and are presented without evidentiary support or even a basis for the filing. The claims are intended to defame the undersigned and misdirect the Court.

Because such statements appear on the public docket immediately upon filing, they create a risk that the docket may be used as a vehicle for personal attacks unrelated to the adjudication of the parties' claims.

Defendants respectfully submit that the orderly administration of this case would be better served if any future submissions containing personal allegations about counsel or non-party individuals be filed **initially under seal** for the Court's review, with the Court determining whether any portion should be publicly docketed. Such a procedure would not prevent Plaintiff from raising any issue she believes is appropriate; it would simply allow the Court to determine whether the material is relevant and appropriate for public filing before it becomes part of the permanent public record and directly aid the Court's ability to manage its docket.

Defendants further note that the claims in this case concern specific alleged statements and litigation conduct, and Defendants intend to address those claims on their merits through the normal procedural mechanisms available to the Court. Defendants remain committed to litigating this matter professionally and in compliance with the Court's orders.

Accordingly, Defendants respectfully request that the Court consider entering a brief case-management directive requiring that any future submissions containing personal allegations concerning counsel be filed under seal pending the Court's review and determination regarding public filing.

Finally, the collective Defendants shall file today their separate Rule 26(f) process and discovery scheduling in accordance with the Court's March 3, 2026 Order.

Respectfully submitted,

*Douglas R. Dollinger, Esq.*
Douglas R. Dollinger, Esq.

Attorney for Defendants