*Law Offices of*
# SUSAN CHANA LASK

**244 Fifth Avenue, Suite 2369**
**New York, N.Y.  10001**

**(917) 300-1958**                    **www.appellate-brief.com**

VIA ECF
March 5, 2026

Honorable Magistrate James M. Wicks
United States District Court-Eastern District of New York
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

Re:  Lask v Sorid et al #25-cv-05724

Dear Magistrate Wicks:

The court should summarily deny Defendants' counsel's request that the Court impose a case-management directive requiring future submissions "containing personal allegations concerning counsel" be filed "initially under seal" for the Court's screening. ECF 29 at 1–2.

First, there is nothing "personal" in the request as it is all factually based and in the public record and court decisions and, importantly, his request is inconsistent with the Second Circuit's sealing standards. Sealing is the exception, not the rule, and requires a document specific determination to overcome the presumption of public access, and specific findings are required that sealing is essential to preserve higher values. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Courts must conduct a particularized review; generalized claims do not justify sealing. *Brown v. Maxwell*, 929 F.3d 41 (2d Cir. 2019). Counsel's letter offers no such showing and instead seeks a blanket prospective regime that would reverse the presumption of public access.

Second, the premise that my March 4, 2026 submission is "unrelated" to scheduling is incorrect. My letter sought case-management relief (extension/stay) and explained why Rule 26(f) conferral is not workable given defense counsel's own Rule 26 posture and the need for a prompt disqualification motion. Particularly, it cited counsel's unilateral Rule 26 framework (including refusing live conferral and substituting his own process and forms) as part of the basis for the requested relief.

Third, reputational concern is not a substitute for the required Lugosch/Brown analysis. Notably, counsel cannot dispute the truth of the facts I summarized as they are all a matter of public record and court decisions. Sealing cannot make public judicial records private. *Gambale v. Deutsche Bank AG*, 377 F.3d 133 (2d Cir. 2004). Counsel's proposal creates an improper prior restraint on filings of true facts already of record and would require the Court to pre-screen and adjudicate "relevance" before filing. If counsel seeks sealing of any particular document, he must move for that relief under the governing standards and propose narrow redactions.

2

Mr. Dollinger created this issue by choosing to inject himself into this case after repeatedly representing to multiple federal judges - for years - that I will kill him, that he fears for his life, and that federal judges are conspiring with me against him. His decision to appear here speaks volumes about motive and credibility, and his conduct in this case already demonstrates that meaningful, good-faith communication is impossible. Further, he has engaged in serious misconduct, including filing in this case a confidential release from an entirely unrelated client settlement, which forces additional motion practice to remove that filing and precipitated a separate damages action by my client against Mr. Sorid.

My motion for disqualification will cover those issues with supporting law and documentary proofs and the attorney witness rule issue requiring Mr. Dollinger's disqualification.

Very truly yours,

**LAW OFFICES OF SUSAN CHANA LASK**

/s/ Susan Chana Lask
**SUSAN CHANA LASK**