**FILED**
**CLERK**

3:50 pm, Aug 13, 2026

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------X

SUSAN LASK,

> *Plaintiff*,

> -against-

HARVEY SORID, JAY C. SORID, PAULETTE
ANGELA DENNIS,

> *Defendants*.
--------------------------------------------------------------------X

**MEMORANDUM**
**AND ORDER**

25-cv-05724 (GRB)(JMW)

**WICKS**, Magistrate Judge:

Plaintiff Susan Lask ("Plaintiff") brings this action against Defendants Harvey Sorid, Jay

C. Sorid (collectively, the "Sorid Defendants"), and Paulette Angela Dennis (collectively with

the Sorid Defendants, "Defendants") alleging seven causes of action including slander, tortious

interference with contract, and malicious prosecution.  (*See generally* ECF No. 1.)  Now before

the Court is the Sorid Defendants' motion to seal (ECF No. 67), in which they seek to seal a

settlement agreement from a different action involving Harvey Sorid (hereinafter, the "*Ndefo*

Settlement Agreement") which the Sorid Defendants filed in this action as an exhibit (ECF No.

21-23) to their motion to dismiss the initial Complaint.  Plaintiff confoundingly states that she

"does not oppose" removing the exhibit from the record, while at the same time she does not

"consent"; yet she filed a vigorous brief in opposition to the Sorid Defendants' motion to seal.

(ECF No. 69.)

For the reasons that follow, the Sorid Defendants' motion to seal (ECF No. 67) is

**DENIED**.

# THE LEGAL FRAMEWORK

The public right of access is long embedded in our Country's history.  Indeed, that concept existed well before the right appeared in our Constitution.  "Judicial documents are subject at common law to a potent and fundamental presumptive right of public access that predates even the U.S. Constitution.  That right includes 'a general right to inspect and copy' such judicial documents." *Mirlis v. Greer,* 952 F.3d 51, 58-59 (2d Cir. 2020) (internal citations omitted).

It is now axiomatic that there is a presumption of public access to judicial documents and records.  *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."); *Suffolk Reg'l Off Track Betting Corp. v. United States Small Bus. Admin.*, No. 24-CV-07058 (SJB) (JMW), 2025 WL 1384157, at *1 (E.D.N.Y. May 13, 2025).  However, "the right to inspect and copy judicial records is not absolute.  Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  Whether the right of access to court proceedings and records is overcome "depends on the nature of the proceeding, not on the personal characteristics of the litigant." *Hartford Courant Co., LLC v. Carroll,* 986 F.3d 211, 219 (2d Cir. 2021).  It matters not that the parties agree amongst themselves to have documents sealed.  Rather, the public's interest and right to judicial access is as much at stake.  *See Lask v. Fallon*, No. 24-CV-04751 (JMW), 2025 WL 1920366, at *2 (E.D.N.Y. July 11, 2025).

This right, however, is not absolute as a party may move to seal judicial records. Yet motions to seal must be "'carefully and skeptically reviewed to ensure that there really is an extraordinary circumstance or compelling need' to seal the documents from public inspection." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 165 (S.D.N.Y. 2018) (quoting *Video Software Dealers Ass'n v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994)); *see Lugosch*, 435 F.3d at 119. "The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action." *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997); *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (internal citations omitted) ("The party opposing disclosure of a judicial document must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection . . . broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test."). "An order restricting public access to judicial documents must be based upon specific, on-the-record findings that sealing is necessary to preserve the asserted interest. Additionally, any order to seal must be 'narrowly tailored to achieve that aim.'" *P&L Dev., LLC v. Gerber Prods. Co.*, No. 21-CV-5382 (MKB)(AYS), 2022 WL 1441999, at *2 (E.D.N.Y. May 6, 2022) (quoting *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019)), *report and recommendation adopted sub nom. P & L Dev., LLC v. Gerber Prods. Co.*, No. 21-CV-5382 (NG) (AS), 2024 WL 1072394 (E.D.N.Y. Mar. 11, 2024).

The Second Circuit in *Lugosch* adopted a three-part analysis to guide district courts when determining whether documents filed in a case can and should be placed under seal. *See Suffolk Reg'l Off Track Betting Corp.*, 2025 WL 1384157, at *2; *see Lugosch*, 435 F.3d at 119–20; *see also King Pharm., Inc. v. Eon Labs, Inc.*, No. 04-CV-5540 (DGT), 2010 WL 3924689, at *4 (E.D.N.Y. Sept. 28, 2010). *First*, the court "must determine whether documents are judicial

documents that are relevant to the performance of the judicial function and useful in the judicial process." *Saadeh v. Kagan*, No. 20-CV-1945 (PAE) (SN), 2021 WL 965334, at *2 (S.D.N.Y. Mar. 15, 2021) (internal quotation and citations omitted). *Second*, the Court must weigh the presumption of access attached to the documents in question. *See id.* (citing *Lugosch*, 435 F.3d. at 119–120). And *third*, the Court must use its discretion to determine "whether there are any countervailing concerns that would weigh against full public access to the documents." *See id.* (citing *Lugosch*, 435 F.3d. at 120); *see also Zou v. Han*, No. 23-CV-02370 (JMA) (JMW), 2024 WL 1704704, at *3 (E.D.N.Y. Apr. 19, 2024) (quoting *Nixon,* 435 U.S. at 599) ("The question of whether documents are sealed is ultimately left to the sound discretion of the district court, which should 'be exercised in light of the relevant facts and circumstances of the particular case.'"). "Higher values that may justify redactions include 'the privacy interests of innocent third parties as well as those of defendants that may be harmed by disclosure,' as well as '[f]inancial records ..., family affairs, illnesses, [and] embarrassing conduct with no public ramifications.'" *United States v. Greenwood*, 145 F.4th 248, 256 (2d Cir. 2025) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995)).

## DISCUSSION

The facts presented here are considered in light of each of the *Lugosch* factors addressed below.

### I. The Ndefo Settlement Agreement is a "Judicial Document" Because it is Relied Upon in Defendants' Motion to Dismiss

"A judicial document is not simply a document filed with the court, but one that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Cantinieri v. Versick Analytics, Inc.*, No. 21-cv-6911 (NJC) (JMW), 2024 WL 759317, at *2 (E.D.N.Y. Feb. 23, 2024) (quoting *Lugosch*, 435 F.3d at 115) (citation omitted).

> As our precedent makes clear, a court "perform[s] the judicial function" not only when it rules on motions currently before it, but also when properly exercising its inherent "supervisory powers." A document is thus "relevant to the performance of the judicial function" if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision. Accordingly, if in applying these standards, a court determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches.

*Brown*, 929 F.3d at 49 (emphasis in original).

As such, judicial documents that are integral to performance of Article III functions likely carry a strong presumption of access whereas documents that are insignificant in helping a court reach an adjudicative decision have a low presumption of access. *See Amodeo*, 71 F.3d at 1049–50; *see also Bernsten*, 307 F. Supp. 3d at 166 (quoting *Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 166–67 (2d Cir. 2013) ("[A] court must evaluate 'the degree of judicial reliance on the document in question and the relevance of the document's specific contents to the nature of the proceeding' and 'whether access to the [document] would materially assist the public in understanding the issues[.']")).

Here, the Sorid Defendants seek to file under seal an exhibit to their initial motion to dismiss. (*See* ECF No. 21-23.) There is no question that the motion to dismiss itself is a judicial document. "Although the papers at issue in *Lugosch* were filed in connection with a summary judgment motion, it is well-settled that '[c]ourt filings in connection with a motion to dismiss are likewise judicial documents[.]'" *Julian v. Metro. Life Ins. Co.*, No. 17CV957AJNBCM, 2020 WL 5913739, at *3 (S.D.N.Y. Oct. 6, 2020) (quoting *Alcon Vision, LLC v. Lens.com*, No. 18-CV-0407 (NG), 2020 WL 3791865, at *6 (E.D.N.Y. July 7, 2020)) (alteration in original).

The *Ndefo* Settlement Agreement, which was filed as an exhibit to the motion to dismiss, is also a judicial document. "Documents submitted in support or opposition to a motion to dismiss are judicial documents." *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345

(AJN), 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019); *see also, e.g.*, *Milazzo v. Anthony*, No. 2:23-CV-00576-KJD, 2024 WL 1616485, at *2 (D. Vt. Apr. 15, 2024) (holding exhibits submitted in support of motion to dismiss were judicial documents); *Carbon Inv. Partners, LLC v. Bressler*, No. 20-CV-03617 (ER), 2020 WL 5441497, at *2 (S.D.N.Y. Sept. 10, 2020) (same). This is true "regardless of whether the[ documents] are actually relied upon in the performance of th[e court's judicial] duties." *Milazzo*, 2024 WL 1616485, at *2 (quoting *Grant v. Lamont*, CASE NO. 3:22-CV-01223 (JBA), 2023 WL 6958763, at *3 (D. Conn. Oct. 20, 2023)); *see also Omari v. Ras Al Khaimah Free Trade Zone Auth.*, No. 16 CIV. 3895 (NRB), 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (concluding that a document introduced in support of a motion to dismiss was likely a judicial document "even though the Court did not rely on it"), *aff'd sub nom. El Omari v. Kreab (USA) Inc.*, 735 F. App'x 30 (2d Cir. 2018).[1]

Furthermore, the Court observes that the *Ndefo* Settlement Agreement was not only filed in connection with the motion to dismiss; it was explicitly cited in Defendants' memorandum no fewer than five times. (*See* ECF No. 21-3 at 3, 5, 14, 16.) *See Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022) (finding that a document was "undoubtedly" a judicial document where it "was explicitly referred to, and quoted, in plaintiffs' proposed SAC (under seal) and was one of the key grounds asserted for the reconsideration motion seeking an opportunity to amend the dismissed pleading"); *see also Posada v. E. Coast Cap.*, No. 23-CV-01579 (RER) (JMW), 2024 WL 4728633, at *2 (E.D.N.Y. Nov. 8, 2024) (collecting cases and finding that "[s]ettlement agreements submitted to the court in connection with a motion are unquestionably a judicial document").

---

[1] The Sorid Defendants cite caselaw suggesting that a settlement agreement is not a judicial document. (ECF No. 68 at 2–3.) That argument, however, far misses the mark. The *Ndefo* Settlement Agreement was submitted as an exhibit to a dispositive motion; *that* is what makes it a judicial document.

Therefore, the *Ndefo* Settlement Agreement is a judicial document. The Court next considers the strength of the presumption of access associated with the document and whether there are any countervailing concerns. *See Lugosch*, 435 F.3d at 119.

## II.       *Presumption of Access Associated with the Documents*

Judicial documents are presumptively subject to public inspection. *Amodeo*, 71 F.3d at 1047. "The presumption of public access exists along a continuum." *Olson*, 29 F.4th at 89. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,'… and is weaker where the 'documents play only a negligible role in the performance of Article III duties[.]'" *Id.* (citing *Amodeo*, 71 F.3d at 1049-50). Where documents "directly affect an adjudication," or are used to determine the substantive rights of the parties, the presumption of access is "at its zenith" and can only be overcome by extreme circumstances. *42West LLC v. Gould*, No. 21-CV-1581 (OTW), 2024 WL 4263235, at *2 (S.D.N.Y. Sept. 20, 2024).

The Sorid Defendants argue that the presumption of public access to the *Ndefo* Settlement Agreement is low, because "[i]t was submitted in support of a motion the Court never reached on the merits, so it informed no decision and affected no party's substantive rights." (ECF No. 68 at 3.) Specifically, the *Ndefo* Settlement Agreement was filed in connection with Defendants' motion to dismiss the initial Complaint. The Court denied that motion without prejudice, because it was procedurally defective. (*See* Electronic Order dated February 10, 2026.) Not long after, Plaintiff filed an Amended Complaint (ECF No. 34), mooting the earlier motion to dismiss regardless.

The Sorid Defendants are correct. In *In re IBM Arb. Agreement Litig.*, the Second Circuit concluded in a very similar situation that the presumption of public access was low. 76 F.4th 74, 85 (2d Cir. 2023). There, the materials at issue were submitted in connection with a motion for summary judgment. *Id.* The district court never reached that motion, because it dismissed the

complaint under Rule 12(b)(6), denying the summary judgment motion as moot. *Id.* "The confidential documents thus had no 'role ... in the exercise of Article III judicial power.'" *Id.* (quoting *Bernstein*, 814 F.3d at 142) (ellipses in original). As such, the Second Circuit concluded that even if the materials in question were judicial documents, the presumption of access attaching thereto was "weaker[.]" *Id.*; *see also New York City Transit Auth. v. Westfield Fulton Ctr. LLC*, No. 24 CIV. 1123 (LGS), 2025 WL 429714, at *2 (S.D.N.Y. Feb. 6, 2025) (citing *IBM* and holding that exhibits filed in connection with a motion for preliminary injunction which was denied as moot pending settlement negotiations had "weaker" presumption of access).

A *weaker* presumption of access, however, does not equate to no presumption at all. The Court must still consider whether there are "countervailing concerns" that would warrant sealing the document at issue. *See, e.g.*, *McKoy v. Trump Corp.*, No. 18 CIV. 9936 (LGS), 2024 WL 449979, at *3 (S.D.N.Y. Feb. 6, 2024) (finding presumption of access "weaker" but nonetheless denying motion to seal because movants presented only "vague and conclusory" concerns).

### III. *Countervailing Concerns to Overcome the Presumption*

To overcome the presumption of public access, the party seeking to seal bears the burden of showing that countervailing, "substantial interests" outweigh the presumption. *See Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Substantial interests generally include "a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege." *Id.* at 647. They may also "in appropriate cases, include business interests." *P&L Dev., LLC*, 2022 WL 1441999, at *2. When analyzing whether countervailing concerns outweigh the presumption of access, courts should consider the degree to which the subject matter is traditionally considered private rather than public, the nature and degree of injury that may result from disclosure, and the reliability of such information. *See Suffolk Reg'l Off Track Betting Corp.*, 2025 WL 1384157, at *3 (citing *Amodeo*, 71 F.3d at 1050-51). When these

8

factors "outweigh the value to the public of accessing the document at issue, then that document should be sealed." *Forbes IP (HK) Limited v. Media Business Generators, S.A. de C.V.*, No. 23-CV-11168 (JGLC), 2024 WL 1743109, at *8 (S.D.N.Y. Apr. 23, 2024) (citation omitted).

Here, the Sorid Defendants argue that *Ndefo* Settlement Agreement "provides that the settlement amount is confidential and that neither the release itself nor the settlement amount may be published." (ECF No. 68 at 1 (citing ECF No. 21-23).) That argument is unavailing. Court have repeatedly held that the "mere fact" that an agreement "includes a confidentiality provision does not, by itself," justify sealing of a judicial document. *P&L Dev., LLC*, 2022 WL 1441999, at *3; *see also Bernsten*, 307 F. Supp. 3d at 168 (noting that courts in the Southern District "have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents"); *Posada*, 2024 WL 4728633, at *3 (finding that the "the general principle that filing under seal is consistent Second Circuit law recognizing the inherent confidentiality of settlement terms" was "insufficient to keep it secret from public access"). "Sealing is not deemed necessary by virtue of the litigants entering into a confidentiality agreement." *Cont'l Indem. Co. v. Timothy Coffey Nursery/landscape, Inc.*, No. 21-CV-0853 (JS)(JMW), 2022 WL 445533, at *4 (E.D.N.Y. Feb. 14, 2022).[2]

The Sorid Defendants also emphasize that the *Ndefo* Settlement Agreement involves not only parties to this case, but also unrelated third parties. (ECF No. 68 at 4 (citing ECF No. 21-23).) It is true that "[t]he privacy interests of third parties 'should weigh heavily in a court's balancing equation.'" *Fairstein v. Netflix, Inc.*, No. 20-CV-8042 (PKC), 2023 WL 6164293, at

---

[2] The Sorid Defendants' reliance on *Pullman v. Alpha Media Pub., Inc.*, 624 F. App'x 774, 779 (2d Cir. 2015) (summary order), is misplaced. There, the Second Circuit emphasized that the "presumption of access to settlement negotiations ... is negligible to nonexistent." *Id.* (ellipses in original). Here, as explained above, the *Ndefo* Settlement Agreement carries a presumption of public access because it was filed in conjunction with a dispositive motion.

*2 (S.D.N.Y. Sept. 21, 2023) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 232 (2d Cir. 2001)). But there is no *per se* rule that a third party's mere involvement—however insignificant—automatically outweighs the presumption of public access. *Coscarelli v. ESquared Hosp. LLC*, No. 18-CV-5943 (JMF), 2020 WL 6802516, at *3 (S.D.N.Y. Nov. 19, 2020) ("Although Defendants correctly note that 'the privacy interests of innocent third-parties should weigh heavily in a court's balancing equation,' a court must [nevertheless] weigh the nature and degree of injury from disclosure . . . . Here, Defendants fail to identify any injury that would result from disclosure of the one-page excerpt.") (citation modified; internal citations omitted). Crucially, the *identities* of the parties to the *Ndefo* Settlement Agreement are not secret; the parties to the *Ndefo* action are a matter of public knowledge. So it is not clear what "privacy interests" the Sorid Defendants seek to vindicate in the present motion to seal. Courts in this Circuit routinely deny requests to seal settlement agreements where the parties fail to sufficiently justify such an extreme procedural mechanism. *See, e.g.*, *Welch v. Bio-Reference Laboratories Inc.*, No. 1:19-cv-0846 (BKS/DJS), 2021 WL 1850930, at *3 (N.D.N.Y. May 10, 2021) (concluding the motion to seal should be denied where "[o]ther than referring to the parties' agreement that the settlement remain confidential, Defendant provide[d] no reason that would provide a basis on which sealing . . . was justified"); *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413–14 (S.D.N.Y. 2014) (denying the motion to seal where the moving party provided "almost no factual basis" for the court to determine whether sealing was appropriate, other than "boilerplate statements"); *Mercer Health & Benefits LLC v. DiGregorio*, No. 18-cv-1805 (JGK), 2018 WL 3559165, at *1 (S.D.N.Y. July 13, 2018) (holding that the parties, in failing to identify "countervailing factors beyond their intention and understanding

10

that the [settlement] agreement would remain confidential," did not overcome the presumption of access).

Furthermore, the Court notes that Defendants' motion to dismiss the initial Complaint was filed on February 9, 2026.  (*See* ECF No. 21.)  That means the *Ndefo* Settlement Agreement, which was filed as an exhibit thereto, has already been on the docket for six months.  "Failure to take prompt action in requesting that public documents be sealed may, alone, be a justifiable reason to deny a motion to seal."  *Lask v. Fallon*, No. 24-CV-04751 (JMW), 2025 WL 1920366, at *6 (E.D.N.Y. July 11, 2025) (citing *Rollag v. Cowen Inc.*, No. 20-CV-5138 (RA), 2020 WL 4937462, at *3 (S.D.N.Y. Aug. 24, 2020)).  Not only that, but it was the Sorid Defendants themselves who chose to make the *Ndefo* Settlement Agreement public in the first place.  *See Moore v. Experian*, No. 23CIV673PAESLC, 2023 WL 7491515, at *1 (S.D.N.Y. Nov. 9, 2023) ("Moreover, because Ms. Moore herself filed the Subject Documents publicly—and five of the six have remained public for eight months—the Court 'has no ability to make private that which has already become public.'") (quoting *Chigirinskiy v. Panchenkova*, 319 F. Supp. 3d 718, 739 (S.D.N.Y. 2018)).

Accordingly, the Sorid Defendants have not overcome the presumption of public access to the *Ndefo* Settlement Agreement.

## CONCLUSION

Based upon the foregoing, the Sorid Defendants' motion to seal (ECF No. 67) is

**DENIED**.

Dated: Central Islip, New York
August 13, 2026

**S O   O R D E R E D:**

/S/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge