**JEFFREY ARLEN SPINNER**
ATTORNEY AT LAW
P.O. BOX 28
BABYLON, NEW YORK 11702
TEL. (631) 830-9119 SUDYA59@GMAIL.COM

ADMITTED TO PRACTICE
NEW YORK (STATE, EDNY, NDNY, WDNY)
CONNECTICUT (STATE & FEDERAL)

FORMER PUBLIC POSITIONS
JUDGE, NYS COUNTY COURT (RETIRED)
ACTING JUSTICE, NYS SUPREME COURT (RETIRED)

August 28, 2026 By email to Brown_chambers@nyed.uscourts.gov

Honorable Gary R. Brown
United States District Judge
Eastern District of New York
Alfonse M. D'Amato United States Courthouse
100 Federal Plaza
Central Islip, New York 11722

Re: Lask v. Sorid and Dennis
No. 2:25-cv-05724(GRB)

Dear Judge Brown:

I respectfully respond to Your Honor's direction concerning metadata for the quarterly billing records that were produced at the August 25, 2026 hearing.

I had maintained a small, principally paper-based solo practice during my representation of Ms. Lask. I did not use billing software nor did I use an electronic document management system. I have never used nor relied upon metadata in maintaining files or records and until the issue was raised at the hearing, I did not understand nor did I know anything about metadata or that it could contain the creation or modification information that Your Honor has requested.

During my representation of Ms. Lask, I recorded my time contemporaneously by making handwritten entries on a yellow legal pad and periodically transferred those entries into a billing document on my HP laptop. At the end of each quarterly billing period, I completed and printed the bill, mailed a copy to Ms. Lask and retained a copy in my physical file. My last bill was sent on March 26, 2024, when I closed my file after Mr. Sorid advised the state court that his client, Ms. Dennis would sign documents to terminate the action.

The quarterly bills that were produced at the August 25, 2026 hearing came directly from that retained physical file. That morning, I made four photocopy sets of those bills and brought the retained bills and the copies to Court. The accompanying photographs, which were taken by me on August 27, 2026, show the surviving Dennis file as well as the banker box filing system in which I maintain closed files. The photographs corroborate the provenance of the surviving Dennis file. Confirming that this is the historical Dennis file is my original May 14, 2021 Notice of Appearance which corresponds to my filing on NYSCEF. Also shown is the May 15, 2021 printed docket as well as the exterior of the folder with my handwritten notes of the basic case

and counsel information. Rule 1.15(d)(1)(v) requires the retention of copies of bills rendered to clients and Rule 1.15(d)(3)_ expressly permits those copies to be maintained as original records or photocopies; it does not require electronic retention. Because the photographs incidentally reveal Ms. Lask's name and other unrelated client names and files, I respectfully request that the photographs remain *in camera*.

The HP laptop on which I had prepared the historical billing documents sustained a hard drive failure and so it was discarded in September of 2025. I did not replace it because I had become employed by a firm starting in February of 2024 and have not had the need to maintain a home computer since that time. I have not purchased another computer since that time. I had no backup of that computer or the historical billing files. I retained the paper billing records in the client file as required while filed pleadings and other court records remained available on NYSCEF. The computer failure occurred before I learned of this federal action on May 6, 2026 when I received a NYSCEF notice that Ms. Dennis had entered a *pro se* appearance in the underlying action. I filed my Appearance in this action on May 8, 2026. I cannot, therefore, produce historical native billing files or metadata that no longer exist in my possession. What remains are the contemporaneous paper bills which were produced at the hearing.

At the August 25, 2026 hearing, I was not asked whether the historical native billing files still existed on a computer in my possession as of that date. The questioning quickly moved amongst different categories of documents and different time periods, including the demonstrative billing summary prepared that weekend, underlying time records, correspondence and historical quarterly bills from May 2021 through March 2024. During that cross-examination, I expressly stated to counsel that he was asking me *"an open ended question to things that are specific."* Tr. 79: 10-23, 85:16-25. When I responded that the records were *"on my laptop"* I was referring to where I maintained those records during the period being discussed- after counsel pivoted from the 2026 demonstrative to the quarterly billing from 2021 to 2024. I did not intend to state that historical native files still remained on a computer in my possession as of August 25, 2026. To the extent that my answer reasonably could have been understood that way, I wish to clarify the record: they did not and had I been asked whether those native files still existed on a computer in my possession, my answer would have been in the negative.

Respectfully submitted,

JEFFREY ARLEN SPINNER