UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

SUSAN LASK,

Plaintiff,

-against-

HARVEY SORID, JAY C. SORID, and
PAULETTE ANGELA DENNIS,

Defendants.
--------------------------------------------------------------x

Case No. 2:25-cv-05724 (GRB) (JMW)

# MEMORANDUM OF LAW IN REPLY SUPPORTING PLAINTIFF'S RULE 11 MOTION AGAINST MATHEW POULOSE, COUNSEL FOR DEFENDANT DENNIS

JEFFREY A. SPINNER, ESQ
12 Hill Street
Lake Ronkonkoma, NY 11779

*Counsel for Plaintiff*

## TABLE OF CONTENTS


I. ARGUMENT ....................................................................................................1

A. PAULOSE'S INTRODUCTION AND PROCEDURAL HISTORY ARE MISLEADING ....................................................................................................1

B. PAULOSE'S AUTHORITIES DO NOT EXCUSE CATEGORICAL FACTUAL ASSERTIONS CONTRADICTED BY THE RECORD ....................................2

C. PAULOSE'S "DISPOSED" VS. "PENDING" EXCUSE CONTINUES THE MISREPRESENTATION ....................................................................................3

D. PAULOSE'S CPLR 3217 MERITS ARGUMENT DOES NOT ANSWER RULE 11(b)(3)....................................................................................................4

E. THE "APPEARS TO BE" QUALIFIER DOES NOT CURE THE FALSE "DOCTORED" ACCUSATION ....................................................................................5

F. PAULOSE DOES NOT ANSWER THE CATEGORICAL "PRO SE/NO FEES" MISREPRESENTATION ....................................................................................6

G. PAULOSE ATTRIBUTED TO THE COURT A SUGGESTION IT NEVER MADE......7

II. CONCLUSION....................................................................................................8


## TABLE OF AUTHORITIES

### CASES


*175 Mulberry Realty, LLC v. Kam Cheung Constr., Inc.*, Index No. 112076/2007 (Sup. Ct. N.Y. Cnty. May 5, 2010)....................................................................................................4

*Asia TV USA, Ltd. v. Total Cable USA LLC*, No. 16-CV-6873 (AJN), 2018 WL 1626165, at *4 (S.D.N.Y. Mar. 29, 2018)....................................................................................................3

*Barker v. Barker*, 295 A.D.2d 151 (1st Dep't 2002)....................................................................4

*Bishop v. Cnty. of Suffolk*, No. 13-CV-446 (JS) (AKT), 2019 WL 13422759, at *8–9 (E.D.N.Y. Aug. 31, 2019)....................................................................................................4, 7

*BNH MILF, LLC v. Milford St. Props., LLC*, 236 A.D.3d 850, 850–51 (2d Dep't 2025) .............4

*C.W. Brown, Inc. v. HCE, Inc.*, 8 A.D.3d 520, 521 (2d Dep't 2004)............................................4

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc.*, No. 22-CV-1243 (LGS), 2025 WL 3077598, at *2 (S.D.N.Y. Nov. 4, 2025)....................................................................................................5

*Noble v. O'Leary*, 165 Misc. 2d 231, 234 (Sup. Ct. N.Y. Cnty. 1995) .........................................4

*Rounseville v. Zahl*, 13 F.3d 625, 633 (2d Cir. 1994) ....................2
*Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 416–18 (S.D.N.Y. 2003)....................5
*Sheehan v. Starbucks Corp.*, No. 25-189, 2026 WL 746725 (2d Cir. Mar. 17, 2026) (summary order) ....................2, 8
*Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388, 391 (2d Cir. 2003)....................2
*Upstate Shredding, LLC v. Northeastern Ferrous, Inc.*, No. 3:12-CV-1015 (LEK/DEP), 2016 WL 865299, at *5 (N.D.N.Y. Mar. 2, 2016) ....................6

**RULES AND REGULATIONS**

Fed. R. Civ. P. 11(b)(3) ....................1, 4
Fed. R. Civ. P. 11(c)(2) ....................1
CPLR 3217 and 3217(a)(2) ....................1, 4
22 N.Y.C.R.R. § 202.5-b(c)(4) ....................7

**OTHER AUTHORITY**

Guide to the Form of Orders and Judgments 46–47 (3d ed. 2010) ....................3

Plaintiff respectfully submits this Reply Memorandum of Law in further support of her motion for sanctions under Rule 11.

## I. ARGUMENT

### A. PAULOSE'S INTRODUCTION AND PROCEDURAL HISTORY ARE MISLEADING

Paulose's opening narrative materially misstates both this action and the Rule 11 motion. This case does not arise from Lask's former representation of Dennis; it concerns Defendants' later filing and prosecution of *Dennis v. Lask*, commenced years after that representation ended, and the alleged deceit and misconduct surrounding that litigation. Nor was the Rule 11 motion a reaction to the August 13 hearing. Plaintiff served the Rule 11(c)(2) safe harbor on June 26, more than six weeks earlier, identifying the same misrepresentations. Pl. Mot. Ex. A. Paulose did not cure them. After independently reviewing the state-court record, the Court confronted the same problems on August 13, stating that Paulose had come "close to the line of misleading this Court," rejecting his "doctored stipulation" presentation, and stating that he had not been "forthcoming" and that "[i]t might be much worse than that." Aug. 13 Tr. 16:1–12, 17:14–24, 27:1–5.

Paulose also proves the very conflation he attributes to Plaintiff. Opp. 2. He characterizes his statements that the Queens action "didn't end," was "still pending," and was "still ongoing" as legal positions under CPLR 3217. But Rule 11(b)(3) asks whether those factual representations had evidentiary support. When he made them, NYSCEF listed the action as "Disposed," the Clerk enforced that status, and Paulose identifies no order that had restored it to active status. After reviewing the record, the Court stated that Dennis had "legitimately dropped the claims" and that it had been "completely wrong" to accept Paulose's earlier doctoring

accusation. Aug. 13 Tr. 17:14–24. Dennis later testified that she had "signed an agreement to end the case" and understood it "would terminate the case." Aug. 25 Tr. 21, 32. A legal theory about what the status should have been cannot replace the factual record of what it was. Finally, his description of the requested relief as "substantial" does not excuse the conduct.

### B. PAULOSE'S AUTHORITIES DO NOT EXCUSE CATEGORICAL FACTUAL ASSERTIONS CONTRADICTED BY THE RECORD

*Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 388, 391 (2d Cir. 2003), and *Rounseville v. Zahl*, 13 F.3d 625, 633 (2d Cir. 1994), impose a demanding standard, which Plaintiff accepts. But that standard does not require disregarding objective evidence. Rounseville involved circumstantial evidence that plausibly supported the challenged theory. Here, NYSCEF said "Disposed" while Paulose said "still pending"; the docket showed Spinner acting as counsel while Paulose said it "very clearly" established Plaintiff was pro se and "incurred no attorney's fees at all"; and Paulose recast a judicial question as the Court having "suggested" Dennis's OSC. Storey protects contentions having evidentiary support, not categorical assertions contradicted by the cited record.

*Sheehan v. Starbucks Corp.*, No. 25-189, 2026 WL 746725 (2d Cir. Mar. 17, 2026) (summary order), is distinguishable. Counsel there possessed a report supporting the factual allegation and conducted additional investigation, satisfying Rule 11's reasonable-inquiry requirement. Here, Paulose identifies no comparable support. Moreover, Plaintiff's June 26 safe-harbor notice identified the representations requiring correction; he made none. His later statement that "in hindsight, I really do wish I had said more to you" confirms he had the opportunity to do so before the motion was filed. Aug. 25 Tr. 138:21–139:3.

### C. PAULOSE'S "DISPOSED" VS. "PENDING" EXCUSE CONTINUES THE MISREPRESENTATION

Paulose's reliance on *Asia TV* USA, Ltd. v. Total Cable USA LLC, No. 16-CV-6873 (AJN), 2018 WL 1626165, at *4 (S.D.N.Y. Mar. 29, 2018), is misplaced. *Asia TV* concerned a malicious-prosecution counterclaim in the same federal action then being litigated; the court said "this action is ongoing." It says nothing about an action already marked "Disposed" that a litigant later attempts to revive. Paulose also says the "Disposed" designation had "little or no bearing." Opp. 5 n.1. But this Court told him: "This wasn't an open case. You acted like, oh, they're going to go to trial. There's an RJI, all this stuff. That's nonsense." Aug. 13 Tr. 23:16–20. The Supreme Court, Civil Branch, New York County's Guide to the Form of Orders and Judgments explains that a final-disposition entry removes a matter "from the inventory of active cases," while failure to record one leaves a matter incorrectly listed as active and generates review of "dead cases"; it also notes that a Note of Issue cannot be filed in a case marked disposed. Guide to the Form of Orders and Judgments 46–47 (3d ed. 2010).

The contemporaneous record was unequivocal. By May 8, before Paulose's May 13 appearance, NYSCEF stated "Case Status: Disposed," and Clerk Latoya Gardner rejected Dennis's Note of Issue: "Please see document number 197 stip of discontinuance. Case is disposed." Lask Decl. Ex. D. Dennis herself acknowledged that "the Clerk has marked the case disposed." Id. Ex. E. Yet five days later Paulose told this Court: "It didn't end," and "Case is still pending." May 13 Tr. 9. His own filings sharpen the contradiction: on February 24 he wrote that Dennis and Plaintiff had filed "a stipulation discontinuing that action"; by March 24 the action was "still ongoing"; and on June 3 it was "still pending." ECF Nos. 27 at 1–2; 38 at 3 n.3; 56 at 2–3. Paulose identifies no restoration order preceding those representations.

The later activity Paulose invokes does not cure the problem. Dennis testified that she "had signed an agreement to end the case," but after learning of this federal action "decided [she] wanted to continue"; she understood the agreement "would terminate the case." Aug. 25 Tr. 21, 32–33. Her OSC similarly stated it was "imperative" to continue because Plaintiff had filed this federal lawsuit. Dennis OSC ¶ 12. Thus, the record shows an action marked disposed followed by an effort to continue it, not an action that remained pending throughout. See *BNH MILF, LLC v. Milford St. Props., LLC*, 236 A.D.3d 850, 850–51 (2d Dep't 2025) (distinguishing an action marked "disposed" from a later motion "to restore the action to the active calendar"). Paulose's own Exhibit 14 confirms: "Disposed-Court Date/Application Pending." The application was pending; the action was designated disposed. Reliance on activity generated by an attempted revival as proof that the action had remained ongoing all along is circular and materially misleading.

According to Dennis's own testimony, only after learning of this federal action did she decide that she wanted to continue the Queens case. Aug. 25 Tr. 20–21. Paulose now invokes the activity generated by that later effort as evidence that the action had remained ongoing all along.

**D. PAULOSE'S CPLR 3217 MERITS ARGUMENT DOES NOT ANSWER RULE 11(b)(3)**

Paulose devotes substantial opposition to whether Document 197 ultimately satisfied CPLR 3217. That does not answer whether he had evidentiary support for stating the existing status as "didn't end," "still pending," and "still ongoing." See *Bishop v. Cnty. of Suffolk*, No. 13-CV-446 (JS) (AKT), 2019 WL 13422759, at *8–9 (E.D.N.Y. Aug. 31, 2019). Paulose cites CPLR 3217(a)(2), *C.W. Brown, Inc. v. HCE, Inc.*, 8 A.D.3d 520, 521 (2d Dep't 2004), *Barker v. Barker*, 295 A.D.2d 151 (1st Dep't 2002), *Noble v. O'Leary*, 165 Misc. 2d 231, 234 (Sup. Ct. N.Y. Cnty. 1995), and *175 Mulberry Realty, LLC v. Kam Cheung Constr., Inc.*, Index No.

112076/2007 (Sup. Ct. N.Y. Cnty. May 5, 2010). Those authorities address the legal requirements or effect of discontinuance; none establishes that an action recorded and enforced by the Clerk as "Disposed" was factually active or pending. Rule 11 is collateral to the merits; merits briefing does not substitute for evidentiary support. See *Safe-Strap Co., Inc. v. Koala Corp.*, 270 F. Supp. 2d 407, 416–18 (S.D.N.Y. 2003).

Nor does *Cypress Holdings, III, L.P. v. Sport-BLX, Inc.*, No. 22-CV-1243 (LGS), 2025 WL 3077598, at *2 (S.D.N.Y. Nov. 4, 2025), change the analysis. There, the parties identified at least some evidence supporting the challenged assertions, and the court characterized the dispute as largely competing interpretations of the record. Here, every objective status source in the record pointed the same way: NYSCEF said "Disposed," the Clerk said "Case is disposed," Dennis acknowledged that status, and Paulose's own Exhibit 14 read "Disposed-Court Date/Application Pending." A later application to undo that disposition cannot retroactively supply evidentiary support for his earlier categorical statements.

### E. THE "APPEARS TO BE" QUALIFIER DOES NOT CURE THE FALSE "DOCTORED" ACCUSATION

Paulose's charge that Plaintiff "improperly edited" his statement is itself misleading. The safe-harbor notice quoted him verbatim—"appears to be a doctored stipulation of discontinuance"—and the motion's shorthand did not change the accusation. More importantly, his present explanation is contradicted by the record. Before his June 3 filing, the SAC, ECF No. 54 ¶¶ 46–53, expressly disclosed that Sorid transmitted the stipulation already signed by Dennis, asked Plaintiff to sign it, and promised, "I will then file the Stipulation with NYSCEF"; that Sorid's transmitted version contained no typed signature block for Plaintiff; and that Plaintiff repeatedly sought Sorid's cooperation and ultimately filed after obtaining clerk direction. Paulose's own Exhibit 10 directly contradicts his new theory: Plaintiff contemporaneously told

Sorid, "I added our signature lines and signed mine," and directed him to sign and file. Thus, his present assertion that Plaintiff represented the three-signature-line version as the document Sorid drafted and transmitted is contradicted by his own exhibit.

The record does not support "doctoring": no version altered Dennis's signature or any substantive term of her withdrawal with prejudice. Paulose's new statement that his contemplated motion "would have shown" the June 23 letter ignores the contemporaneous disclosure of who added the signature lines and why. *Upstate Shredding, LLC v. Northeastern Ferrous, Inc.*, No. 3:12-CV-1015 (LEK/DEP), 2016 WL 865299, at *5 (N.D.N.Y. Mar. 2, 2016), limits Rule 11's reach over oral statements; Plaintiff does not rely on the May 13 phrase as a standalone violation. After reviewing the record, Judge Brown stated: "You came in here and said she filed a made-up doctored stipulation. You didn't tell me he provided it to her. It had the client's signature," and later, "you accused her of doctoring court documents. I was furious with her, but I found out I was completely wrong about that." Aug. 13 Tr. 17:14–24.

### F. PAULOSE DOES NOT ANSWER THE CATEGORICAL "PRO SE/NO FEES" MISREPRESENTATION

Paulose again avoids the Rule 11 charge. The motion challenged his factual representation that the docket "very clearly reflects that [Lask] had proceeded pro se, i.e., she incurred no attorney's fees at all," supposedly because "out of 213 entries, only 3 [were] with Spinner." But the same docket contained Spinner's Notice of Appearance, Affirmation of Actual Engagement, verified pleadings, signed motions and affirmations, discovery demands, court correspondence, and his appearance at Dennis's deposition. Paulose converted an electronic-uploader field into a categorical "no attorney's fees at all" assertion notwithstanding Spinner's documented role as counsel. His opposition even quotes Plaintiff stating: "I represent myself as

counsel with co-counsel Jeffrey Arlen Spinner, Esq."—which confirms Spinner was co-counsel; it does not establish zero fees.

Whether Plaintiff had then produced invoices sufficient to establish the precise jurisdictional amount is a different issue from whether the docket "very clearly" established zero fees. When the Court later focused on the filer column, Plaintiff explained: "I would file things. Even Mr. Spinner's filings, I filed," and "He would draft letters. His letters are there." The Court responded, "Right." Aug. 13 Tr. 5–6. The NYSCEF rules reinforce the distinction: an authorized e-filing user may authorize another person to file electronically on the user's behalf while retaining responsibility for the filing. 22 N.Y.C.R.R. § 202.5-b(c)(4). The uploader field therefore does not establish who authored, signed, researched, or performed the legal work. Bishop does not transform an unsupported factual assertion into a merits argument about fees. The Rule 11 question is whether Paulose had support for his categorical "no attorney's fees at all" statement; the public docket he cited showed Spinner repeatedly acting as counsel.

### G. PAULOSE ATTRIBUTED TO THE COURT A SUGGESTION IT NEVER MADE

Paulose's own quotation disproves his defense. The Court asked: "Why did you not go to a state court and get a state court decision to say it's not a valid filing? I'm supposed to now look into the state court filing and decide whether it complies with their rules or not?" May 13 Tr. 8:18–25. The Court was questioning why Paulose sought a federal ruling of invalidity without a state-court decision; it did not suggest that Dennis file an order to show cause, prescribe any procedure, or authorize the later OSC. Paulose nevertheless represented that Dennis's OSC was "something the Court itself had suggested to do." ECF No. 56 at 2. That attributed suggestion does not appear in the transcript.

His comparison to Plaintiff's characterization of the August 13 hearing fails. Plaintiff quotes what the Court said after reviewing the record: "The stipulation discontinues. It was effective at that point"; "[t]his wasn't an open case"; and Paulose's position elevated form over substance "to the point where it becomes a lie." Aug. 13 Tr. 23–24. Plaintiff attributes no directive absent from the transcript. Nor does Sheehan help Paulose: it involved factual support and a reasonable investigation, and distinguished party-initiated sanctions subject to safe-harbor protection from sua sponte sanctions requiring subjective bad faith. Here, Plaintiff served the safe harbor, and the challenged statement attributes to this Court a suggestion the transcript does not contain.

**II. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Rule 11 motion, impose appropriate sanctions against Mathew Paulose Jr. and Paulose & Associates PLLC, require correction of the challenged factual representations, award the reasonable fees and expenses incurred in connection with the motion, and grant such further deterrent or disciplinary relief as the Court deems appropriate.

Dated: September 21, 2026

Respectfully submitted,

/s/ Jeffrey Arlen Spinner
Jeffrey Arlen Spinner, Esq.
12 Hill Street
Lake Ronkonkoma, New York 11779
Tel. (631) 830-9119
sudya59@gmail.com

*Co-Counsel for Plaintiff*

**CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(c)**

I certify that the foregoing Reply Memorandum of Law contains 2,355 words, excluding the Table of Contents, Table of Authorities, signature block, and this certificate, and therefore complies with the applicable 2,500-word limitation.

/s/ Jeffrey Arlen Spinner
Jeffrey Arlen Spinner, Esq.