FILED
CLERK
10/9/2026 11:49 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

SUSAN LASK,

Plaintiff,

- against -

HARVEY SORID, JAY C. SORID, and
PAULETTE ANGELA DENNIS,

Defendants.

---------------------------------------------------------------X

**ORDER**

Civil Action
No. 25-5724 (GRB)(JMW)

**GARY R. BROWN, United States District Judge**:

On October 5, 2026, this Court issued a Memorandum and Order dismissing the instant action, referring plaintiff Susan Lask, Esq., an attorney who is admitted to this Court, to the Court's Grievance Committee and ordering additional relief. The next day, Lask filed a letter with this Court suggesting that the opinion contains "demonstrably false and legally unsupported statements," DE 97 at 1, a filing that this Court construes as a motion for reconsideration, and simultaneously filed a notice of appeal, even though judgment had not yet been entered. DE 98. On October 7, 2026, consistent with the October 5, 2026 decision, the Clerk entered judgment and forwarded the record on appeal to the Second Circuit pursuant to plaintiff's notice of appeal.

Having reviewed that submission with some care, the Court finds that Lask is correct that in adopting Judge Lehrburger's Report and Recommendation, Judge Garnett did not refer her to the Grievance Committee of the S.D.N.Y. The opinion

states otherwise, and that was an error. Thus, the opinion should be amended[1] to strike the last nine words of the following sentence:

> Judge Lehrburger found "by clear and convincing evidence, that [plaintiff] acted in bad faith by failing to be candid with the Court and vexatiously multiplying proceedings," and Judge Garnett agreed, adopting Judge Lehrburger's factual findings, imposing sanctions on plaintiff for failing to properly identify her domicile, and referring plaintiff to the Southern District's grievance committee.

*See* DE 96 at 6.

For avoidance of doubt, the balance of that sentence should, for now, remain unaffected by any such amendment. *Lask v. Rhee-Karn*, No. 24-CV-2666 (MMG) (RWL), 2025 WL 1983441, at *17 (S.D.N.Y. May 6, 2025) ("Lask acted in bad faith by failing to be candid with the Court and vexatiously multiplying proceedings."), *reconsideration denied*, 2025 WL 1591615 (S.D.N.Y. June 5, 2025), *and report and recommendation adopted*, 2025 WL 2717474 (S.D.N.Y. Sep. 24, 2025), *appeal withdrawn*, No. 25-2749, 2025 WL 4092206 (2d Cir. Dec. 11, 2025); *id.* at *5 (finding her statements regarding domicile "quite disingenuous"); *Rhee-Karn*, 2025 WL 2717474, at *10 (writing that "the Court is asked to accept that Lask's various mistaken and inconsistent beliefs about her domicile have happened to flip and flop their way into a tangle of events that makes little sense but, at every turn, fortuitously explains away any suggestion of bad faith," and finding

---

[1] The rapid filing of a notice of appeal could raise an issue as to whether this Court is empowered to effect an amendment at this juncture. Rule 60(a) provides that while a court may correct mistakes found in a judgment, "after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave." However, if plaintiff is seeking relief under other provisions, *e.g.*, Rule 59(e) or 60(b), different considerations may apply. In her subsequent submission, plaintiff shall clarify under what section(s) she is seeking relief and address the Court's authority to consider amendment given the pending notice of appeal.

that Lask "evinces a vexatious and undisciplined approach to the practice of law"), *appeal withdrawn*, 2025 WL 4092206.

Lask further argues that the Court imposed a sanction without notice and opportunity to be heard. DE 97 at 1. Importantly, this argument implicates due process considerations. The Second Circuit has found that due process may be satisfied through the review of a motion for reconsideration. *See, e.g.*, *Palmer v. Simon's Agency, Inc.*, 833 F. App'x 838, 840 (2d Cir. 2020) (upholding imposition of monetary fine upon attorney who "had an opportunity to be heard through his motion for reconsideration, which the district court granted"). In her submission, Lask requests the opportunity to "address these issues more formally," and requests that the Court "promptly correct the record." DE 97 at 2.

Thus, Lask is afforded ten days to file any additional briefing or factual materials on her motion for reconsideration, with leave to request an appropriate extension. The operation of the Order in DE 96 is suspended pending submission and consideration of the motion.

**SO ORDERED.**

Dated: October 9, 2026
Central Islip, New York

*/s/ Gary R. Brown*
GARY R. BROWN
United States District Judge